IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-2165-~~MSK~~-KMT (CMA)

PATRICK COLLINS, INC., and

K-BEECH, INC,,

    Plaintiffs,

v.

JOHN DOE,

    Defendant.

**ORDER GRANTING MOTION FOR LEAVE
TO SERVE THIRD PARTY SUBPOENAS PRIOR TO A RULE 26(f)
CONFERENCE**

THIS CAUSE came before the Court upon Plaintiffs' Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (the "Motion"), and the Court being duly advised in the premises does hereby:

**ORDER AND ADJUDGE:**

1. Plaintiffs established that "good cause" exists for them to serve third party subpoenas on the Defendant's Internet Service Providers (the "ISPs"). See UMG Recording, Inc. v. Doe, 2008 WL 4104214, *4 (N.D. Cal. 2008); and Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008).

2. Plaintiffs may serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiffs with the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to

whom the ISP assigned the subject IP address. Plaintiffs shall attach to any such subpoena a copy of this Order.

3. Plaintiffs may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to the Defendant.

4. The ISP that qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> (A) the term "cable operator" means any person or group of persons who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

5. The subpoenaed ISPs shall not require Plaintiffs to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISP require Plaintiffs to pay a fee for an IP address that is not controlled by such ISP, or for an IP address that does not provide the name of a unique individual, or for the ISP's internal costs to notify its customer. If necessary, the Court shall resolve any disputes between the ISP and Plaintiffs regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiffs.

6. Plaintiffs may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiffs' rights as set forth in its Complaint.

**DONE AND ORDERED** this 26th day of August, 2011.

By: _____
UNITED STATES ~~DISTRICT~~ Magistrate JUDGE

**KATHLEEN M. TAFOYA**
United States Magistrate Judge